UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Myron McKee and Melissa McKee,

Plaintiffs,

v.

Civ. No. 01-2267 (JNE/RLE)
ORDER

Richard Brunelle, Mildred Brunelle, Sheri Brunelle, Crow Wing Products, Inc., John Sullivan, and Navillus Land Company,

Defendants.

---

Lawrence H. Crosby, Esq., and Jay Olson, Esq., Crosby & Associates, appeared for Plaintiffs Myron McKee and Melissa McKee.

Michael C. Rajkowski, Esq., Quinlivan & Hughes, P.A., appeared for Defendants John Sullivan and Navillus Land Company.

---

Myron McKee allegedly purchased real property from Richard Brunelle and Mildred Brunelle in 1994. The Brunelles and Crow Wing Products, Inc. later sold the same property to the Navillus Land Company (Navillus). Mr. McKee and his daughter, Melissa McKee, brought this action against, among others, Navillus and John Sullivan, the president and majority shareholder of Navillus, for fraud and tortious interference with contract, and to determine adverse claims pursuant to Minn. Stat. § 559.01 (2002). The matter is before the Court on a Motion for Summary Judgment by Navillus and Sullivan. For the reasons set forth below, the Court denies the motion.

## I. SUBJECT MATTER JURISDICTION

The McKees assert that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (2000). There is no dispute that complete diversity exists between the plaintiffs and

APR 16 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

the defendants. The parties dispute, however, whether the amount in controversy exceeds $75,000.

A plaintiff's good faith allegation of the amount in controversy is taken as true unless challenged. *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987). If the defendant challenges the plaintiff's allegation, the plaintiff must establish the requisite amount in controversy by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). The amount in controversy requirement is satisfied if a fact finder could legally conclude the plaintiff's damages exceed the jurisdictional amount when the action was commenced. *Id.* at 885.

In this case, the McKees' Complaint alleges that the amount in controversy exceeds $500,000. The defendants challenge this allegation in their Answers, asserting that the amount in controversy does not exceed $75,000. At the motion hearing, Navillus and Sullivan reiterated their challenge. Accordingly, the Court turns to whether the McKees have met their burden of establishing that the amount in controversy exceeded $75,000 as of December 10, 2001, the date on which the McKees filed the Complaint.

In this case, the amount in controversy is determined by the value of the property at issue. *See Smith v. Adams*, 130 U.S. 167, 175 (1889); *Enger v. N. Fin. Corp.*, 31 F.2d 136, 141 (D. Minn. 1929); 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3702 (3d ed. 1998). Under Minnesota law, an owner of property is presumed to be acquainted with its value and may testify as to that issue. *Bury v. Bury*, 416 N.W.2d 133, 136 (Minn. Ct. App. 1987). Relying on statements made by Sullivan, the McKees argue that the property at issue in this case was worth more than $75,000 when they commenced the action. Because Sullivan purports to

own the property through his control of Navillus, he may testify as to the property's value. *See id.*

At his deposition on October 25, 2002, Sullivan testified that the property was worth between $70,000 and $75,000. He also testified that he had sold commercial property located within one-quarter mile of the property at issue in this case for $43,560 per acre. The property at issue in this case is also zoned commercial and encompasses approximately 12 acres. At a subsequent deposition, Sullivan agreed to provide his opinion of the property's value. By letter of December 5, 2002, Sullivan stated he would accept $100,000 for the property. Although this evidence does not compel the conclusion that the property's value exceeded $75,000 when this action was commenced, the McKees have demonstrated by a preponderance of the evidence that a fact finder could legally conclude that the property was worth more than $75,000 at that time. Accordingly, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## II. BACKGROUND

Mr. McKee asserts that he purchased two parcels of property located in Crow Wing County, Minnesota, from the Brunelles in 1994. The Brunelles executed a deed conveying "Parcel A" to Ms. McKee, and a deed conveying "Parcel B" to Ms. McKee and Mr. McKee's brother.[1] The deed for Parcel A was not recorded; the deed for Parcel B was recorded on September 15, 1999.

Meanwhile, in 1998, Sullivan purchased Parcel A and Parcel B on behalf of Navillus from the Brunelles and Crow Wing Products. The Brunelles executed a deed on behalf of Crow Wing Products conveying Parcel A to Navillus, and a deed conveying Parcel B to Navillus. Both deeds were recorded on December 14, 1998.

---

[1] Throughout the litigation, the parties have referred to the property at issue as Parcel A and Parcel B.

## III. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### A. Determination of Adverse Claims

The McKees' first claim, brought pursuant to Minn. Stat. § 559.01,[2] is that their interests in Parcel A and Parcel B are superior to those of Navillus and Sullivan. Relying on the Minnesota Recording Act, Minn. Stat. § 507.34 (2002), Navillus and Sullivan argue that they are entitled to summary judgment on this claim. The Minnesota Recording Act states in relevant part:

---

2 Minnesota Statutes § 559.01 states:

> Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

> Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded . . . .

In this case, it is undisputed that Navillus and Sullivan were subsequent purchasers of the property and that the Navillus deeds were "first duly recorded." Thus, the question is whether Navillus and Sullivan were purchasers in good faith.

"A purchaser in good faith is one who gives valuable consideration without actual, implied or constructive notice of inconsistent outstanding rights of others." *Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989); *Anderson v. Graham Inv. Co.*, 263 N.W.2d 382, 384 (Minn. 1978). Navillus and Sullivan argue that they did not have actual notice of the McKees' interests in Parcel A and Parcel B. "[K]nowledge of the 'mere existence' of a prior unrecorded property interest constitutes actual notice under the recording statute." *Levine v. Bradley Real Estate Trust*, 457 N.W.2d 237, 240 (Minn. Ct. App. 1990) (quoting *Republic Nat'l Life Ins. Co. v. Marquette Bank & Trust Co.*, 251 N.W.2d 120, 123 (Minn. 1977)).

Mr. McKee contends his deposition testimony creates a genuine issue of material fact as to whether Navillus and Sullivan had actual notice. According to Mr. McKee's deposition testimony, he announced at a 1994 Baxter City Council meeting that he had purchased the property from the Brunelles. Sullivan attended the meeting, and he corrected Mr. McKee's understanding of how the property had been zoned. Moreover, at a meeting of the Baxter City Council Planning Commission in 1997, Mr. McKee asked Sullivan for assistance in developing the property. A few weeks after the meeting, Sullivan declined to assist Mr. McKee. Sullivan's deposition testimony is inconsistent with that of Mr. McKee. Sullivan testified that he never discussed the property with Mr. McKee.

The Court concludes that Mr. McKee's deposition testimony is sufficient to create a genuine issue of fact as to whether Navillus and Sullivan had actual notice of Mr. McKee's purchase of the property. Navillus and Sullivan argue they are still entitled to summary judgment because this factual issue is not material. The Court disagrees.

A fact is material if it might affect the outcome of the case under the applicable substantive law. *Liberty Lobby*, 477 U.S. at 248; *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). Under the substantive law applicable to this case, if Mr. McKee told Sullivan that he had purchased the property before Sullivan bought it on behalf of Navillus, then Navillus and Sullivan were not purchasers in good faith. *See Levine*, 457 N.W.2d at 240. If Navillus and Sullivan were not purchasers in good faith, then the conveyances to the McKees are not void as against the conveyances to Navillus. *See* Minn. Stat. § 507.34. Accordingly, the dispute as to whether Mr. McKee told Sullivan he had purchased the property is material. The Court therefore denies the motion on this claim and declines to consider the parties' arguments regarding implied and constructive notice.

**B. Fraud**

Navillus and Sullivan argue that they are entitled to summary judgment on the fraud claim because they did not know of Mr. McKee's purchase of the property when Sullivan bought it for Navillus. As discussed above, Mr. McKee's deposition testimony indicates that he told Sullivan he had purchased the property before Sullivan bought it on behalf of Navillus. Thus, viewing the record in the light most favorable to the McKees, the Court concludes a rational finder of fact could conclude that Navillus and Sullivan knew of Mr. McKee's purchase when Sullivan bought it. The Court therefore denies the motion on this claim.

### C. Tortious Interference with Contract

Under Minnesota law, a claim for tortious interference with a contractual relationship consists of five elements: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) the absence of justification; and (5) damages. *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 362 (Minn. 1998). Navillus and Sullivan assert they are entitled to summary judgment on this claim because they had no knowledge of a contract regarding the Brunelles' sale of the property to Mr. McKee. Again, viewing the record in the light most favorable to the McKees, the Court concludes a rational finder of fact could conclude that Sullivan knew of Mr. McKee's purchase when Sullivan bought it on behalf of Navillus. As such, a rational finder of fact could conclude that Navillus and Sullivan also knew that a contract between the Brunelles and Mr. McKee existed for the sale of the property. The Court therefore denies the motion on this claim as well.

## IV. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Navillus and Sullivan's Motion for Summary Judgment [Docket No. 18] is DENIED.

Dated: April 15, 2003

JOAN N. ERICKSEN
United States District Judge